Laurence Stinson, MSB# 4521
Scott Stinson, MSB# 12692
STINSON LAW GROUP, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
T: 406.587.2179
F: 406.612.4016
E: laurence@stinsonlawyers.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| LYLE AND SANDRA MAGES, husband and wife, | |
| Plaintiffs, | |
| vs. | Civil Action No. CV-22-02-BLG-SPW-KLD |
| PICARD CORPORATION, INC, and PICARD CORPORATION, INC d/b/a STEP SAVER TRANSPORTATION; and PICARD CORPORATION, INC d/b/a UTAH STEP SAVER; and STEP SAVER SHARED SERVICES, LLC; and STEP SAVER, INC; BRENT RUSSELL HENSLEY, AND XYZ Companies or Corporations 1-10; John or Jane Does, 1-10, | **COMPLAINT and JURY DEMAND** |
| Defendants. | |

**COME NOW** Plaintiffs, by and through counsel, Stinson Law Group, P.C., and for their causes of action against Defendants, do state and allege upon information and belief as follows:

### I. Overview

1.     This lawsuit is brought against interstate trucking carrier Picard Corporation and the entities through which it, and its shareholders, agents, assigns, and representatives, do business.

Picard Corporation does business as Step Saver Transportation or Utah Step Saver. This suit is also brought against agents and representatives of the Picard Corporations and/or various Step Saver LLCs, identified as Defendants or unknown Defendants. The Picard Corporation and its related Step Saver business entities and agents are generally called Defendants herein. This lawsuit is brought by Lyle and Sandra Mages who were hurt in a crash caused by Defendants on February 10, 2019, in Montana. This lawsuit seeks money damages for injuries, disabilities, pain, suffering, and lifelong changes to the quality of life of Lyle and Sandra Mages.

## II.  Jurisdiction and Venue

2. Plaintiffs are citizens of Oklahoma and residents and citizens of Tahlequah, Oklahoma.

3. Defendants Picard and Step Saver Defendants are based in, and are residents and citizens of, Woods Cross, Utah.

4. Upon information and belief, all Defendants share common control and/or are shareholders or members.

5. Defendant Hensley is, according to the investigation of the Montana Highway Patrol, a resident and citizen of Rexburg, Idaho.

6. Defendant Hensley is, for all purposes relative to the crash, the agent of one or more Defendants who are vicariously liable for his conduct.

7. This Court has jurisdiction over the Parties and controversy pursuant to 28 U.S.C §1332, because the amount in controversy in greater than $75,000.00 and the adverse parties are citizens of different states.

### III.  Facts For All Causes of Action

8. A tractor-trailer is an 18-wheeled vehicle that often weighs 80,000 pounds and requires a commercial driver's license and special training to operate. For purposes of comparison, the Mother of All Bombs (MOAB) warhead weighs 18,739 pounds.

9. Because of the foreseeable danger and death to the public, including motorists and pedestrians, a company engaged in the interstate operation of trucking must make safety priority number one.

10. Defendants, or some of them, are commercial trucking companies and/or shippers that commonly and frequently uses tractor-trailers for delivery of goods across interstates open to the motoring public.

11. Defendant's drivers are in constant contact with other motorists and pedestrians.

12. Trucking companies, including Defendants, must train drivers how to safely operate and maintain control of their trucks at all times.

13. Tractor-trailer companies, including Defendants, must train their drivers to be cognizant of their surroundings including unsafe-situations such as those created by weather, and to control their truck on the roadway in adverse situations which truckers routinely encounter.

14. As an interstate trucking company, Defendants must train their drivers to take immediate action to protect the motoring public. For example, such immediate action can include not driving in inclement weather, engaging all hazard lights, putting out reflective triangles, and warning flares to protect others if stopped on the roadway.

15. Failure to follow the appropriate safety rules and apply ordinary care is negligence.

16. On February 10, 2019, Defendant Brent Hensley was operating a Kenworth T660, double pup, tractor-trailer on behalf of all Defendants.

17. While rounding a curve on a two-lane highway, Hensley chose to drive too fast for conditions.

18. In doing so, Defendants failed to keep the trailer safely in its lane of travel lane and obstructed the lane being traveled by Plaintiffs.

19. Defendants were in violation of safe driving practices and were negligent.

20. Defendants needlessly caused a dangerous situation which then caused the crash that injured Lyle and Sandra Mages.

21. Plaintiffs, Lyle and Sandra Mages, did not cause the crash and are not at fault whatsoever. In fact, Lyle Mages worked to avoid the crash site Defendants caused and moved his vehicle as far as possible out of the collision path.

22. Brent Hensley was at all times relevant hereto, working within the course and scope of his employment with Defendant Step Savers.

23. The actions of Defendant Hensley with regard to this crash are legally the actions of Defendants, or some of them.

24. As a result of the crash, Plaintiffs were physically injured.

25. Among other problems and injuries, Lyle suffered a strain of musculature, fascia and tendons in the neck, leading to the forever injuries of headaches, neck and shoulder pain; cervical disc bulge causing numbness and tingling on both hands; nightmares about crashing his truck causing him to wake up in a cold sweat; and no longer being comfortable driving at night; and struggles in their marriage.

26. Among other problems and injuries, Sandra suffered a fracture of the L2 vertebrae in her lumbar spine resulting in the forever injury of daily pain and discomfort; leaky bladder caused by the damage to her spine, which requires her to take a prescribed medication to treat it; rupture of blood vessels in both eyes, causing vision loss and leading to trauma induced glaucoma,

which requires three types of eye drops per day in order to keep blood vessels in her eyes from leaking and keep the pressures down, likely for the rest of her life; she can no longer sleep while the truck is moving due to the mental effects of the crash; sexual dysfunction, and struggles in her marriage.

27. As a result of the crash, Plaintiffs suffered, and continue to suffer, permanent loss of enjoyment of life, emotional distress and pain.

## IV. Multiple Acts of Negligence

28. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

29. The negligence of Defendants was the cause of the crash.

30. Defendants are required to keep, maintain, enforce, and follow safe driving rules and have safe driving practices. Defendants failed to do this and were negligent.

31. Defendants were negligent in numerous ways, including but not limited to:

   a. failing to maintain proper control of the tractor-trailer so as to avoid injury to others, including Plaintiffs;

   b. failing to maintain proper lookout so as to avoid injury to others, including Plaintiffs;

   c. failing to properly supervise and train on how to manage the loss of control of a truck so as to avoid injury to others, including Plaintiffs;

   d. failing to properly supervise and train on how to prevent a crash so as to avoid injury to others, including Plaintiffs;

32. Plaintiffs were injured as a result of Defendants negligence.

33. As a result of the crash caused by the negligence of Defendants, Plaintiffs have been injured and deprived of the usual services, society, consortium and companionship of one another, and will be so deprived in the future.

## V.  Punitive Damages

34. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

35. Following the crash, Defendants, via their agent on site, was out walking back and forth in front of his truck with his hands in his pockets and was not taking efforts to prevent harm and injury to the motoring public from the initial crash.

36. For example, Defendants' agent did not take immediate action to deploy warning and other safety devices to warn and alert other travelers to the danger of a tractor-trailer on both sides of the road.

37. Defendants, via their agent on site, failed to take such action despite knowing that the road topography made the crash site hard to see.

38. Defendant has knowledge of facts or intentionally disregarded facts that created a high probability of injury to the plaintiffs.

39. Further, Defendants, via their agent on site, deliberately proceeded to act with indifference to the high probability of injury to the Plaintiffs.

40. The actions of the Defendants were willful, wanton and in reckless disregard for the safety and wellbeing of Plaintiffs to such a degree sufficient to entitle Plaintiffs to an award of punitive damages.

## VI. 6-Person Jury Demand

Plaintiffs hereby demand a trial by a six (6) person jury for all issues.

## VII. Prayer for Relief

WHEREFORE, Plaintiffs pray this Court for judgment in their favor and against Defendants as follows:

a. For past and future pain and suffering, including emotional suffering, in an amount to be proven at trial;

b. For past and future loss of enjoyment of life in an amount to be proven at trial;

c. For disabilities of Plaintiffs, in an amount to be proven at trial;

d. For punitive damages in an amount to be proven at trial;

f. For Plaintiffs' costs of suit herein; and

g. For such other and further relief as the Court deems equitable and just.

DATED this 6th day of January 2022.

By: _____
Laurence Stinson
STINSON LAW GROUP, P.C.
*Attorney for Plaintiffs*